UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS NEAL, et al.,

    Plaintiffs,

v.                              CASE NO. 8:18-cv-466-T-23CPT

RICK WELLS, SHERIFF,
MANATEE COUNTY,

    Defendant.
_____/

# **O R D E R**

*Pro se* plaintiff Thomas Neal and the "inmate population of Manatee County Jail" simultaneously filed a civil rights complaint under 42 U.S.C. § 1983 as a class action (Dkt. 1). The plaintiffs sue Rick Wells, the Sheriff of Manatee County, Florida, and allege unconstitutional conditions of confinement at Manatee County Jail.

For certification under Fed.R.Civ.P. 23(a), a class action requires (1) numerosity — the class is so numerous that joinder of all members is impracticable, (2) commonality — there are questions of law or fact common to the class, (3) typicality — the claims or defenses of the class are typical, and (4) adequacy — the class representative will fairly and adequately protect the interests of the class. *Hines v. Widnall*, 334 F.3d 1253, 1255–56 (11th Cir. 2003).

The plaintiffs, prisoners appearing *pro se*, are untrained in the law and have limited access to legal materials and other resources. Accordingly, the plaintiffs cannot adequately protect the interests of the other prisoners in the class. *See Bass v. Benton*, 408 F. App'x 298 (11th Cir. 2011) (plaintiff, a prisoner proceeding *pro se*, could not seek relief on behalf of fellow inmates nor represent them in a class action suit). *See also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action).

The plaintiffs may not proceed jointly in this case. Prisoners cannot — to share the filing fee — join in a civil rights action. *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (affirming district court's dismissal without prejudice of complaint filed by multiple prisoner plaintiffs and requiring each prisoner to file a separate action with either the filing fee or a motion to proceed in forma pauperis).

Accordingly, the civil rights complaint (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE**. The clerk must close the case.

ORDERED in Tampa, Florida, on March 28, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE